# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEAYMON D. GARRIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 19-cv-5570 |
| | : | |
| SEAN T. POLL, | : | |
|     Defendant. | : | |

## M E M O R A N D U M

**Joseph F. Leeson, Jr.**                                                                               December 16, 2019
**United States District Judge**

      This matter comes before the Court by way of a Complaint submitted by Keaymon D. Garris, proceeding *pro se*. (ECF No. 2.) Also before the Court is Garris's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Motion for Appointment of Counsel (ECF No. 4). Because it appears that Garris is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

## I.    FACTUAL ALLEGATIONS[1]

      Garris, an inmate currently incarcerated at the Lehigh County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He seeks to assert a First Amendment access to courts claim and a Fourteenth Amendment due process claim

---

[1] The facts set forth in this Memorandum are taken from Garris's Complaint and the documents and exhibits attached thereto.

against his former public defender, Sean T. Poll. (ECF No. 2 at 4-5.)[2] Garris attached a copy of his state court criminal docket from the Lehigh County Court of Common Pleas to his Complaint. The criminal docket reflects that Garris was arrested on or about October 1, 2018 on a series of gun and drug related charges, as well as a charge of receiving stolen property. *Commonwealth v. Garris*, CP-39-CR-0004995-2018 (C.P. Lehigh Cty.) (ECF No. 2 at 16-17). Poll was appointed to represent Garris on these criminal charges on or about October 10, 2018, and it appears that a trial date is set for January 21, 2020. (*Id.* at 15, 17). In May 2019, however, Garris filed a motion to remove Poll as counsel, and the trial court granted his request on or about May 31, 2019. (*Id.* at 20-21). With respect to Poll's representation in the criminal matter, Garris alleges that he was "represented by a public defendant for the County of Lehigh, thus making him a state actor." (Compl. ECF No. 2 at 6.) Garris claims, however, that Poll "was not on the bar association" and that Poll "tried hiding this fact" from Garris which "severely hindered [Garris's] ability to defend" himself. (*Id.*) Garris also asserts that Poll was "holding [his] discovery" and alleges that Poll improperly "tried convincing [Garris] to plea[d] out even though [Poll] had knowledge there [was] not enough evidence to convict" Garris at trial. (*Id.*) Garris seeks punitive and compensatory damages based on his contention that Poll was not qualified to represent him in the criminal case. (*Id.* at 7.)

## II. STANDARD OF REVIEW

The Court will grant Garris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. §

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] However, because Garris is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* As Garris is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Garris seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Garris cannot maintain a constitutional claim against Poll because Poll is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Thus, the Court must dismiss Garris's

claims against Poll with prejudice as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating a court must grant a plaintiff leave to amend their complaint unless amendment would be inequitable or futile).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Garris leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. In light of the dismissal of the Complaint, the Court will deny Garris's Motion for Appointment of Counsel (ECF No. 4) as moot. The Clerk will be directed to close this case. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**